1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    STRIKE 3 HOLDINGS, LLC,                    Case No. 25-cv-08480-AMO

8              Plaintiff,

9        v.                                     **ORDER GRANTING EX PARTE
                                                APPLICATION FOR LEAVE TO
10   JOHN DOE SUBSCRIBER ASSIGNED IP            SERVE A THIRD-PARTY SUBPOENA
     ADDRESS 73.92.245.29,                      & PROTECTING DEFENDANT**

11             Defendant.

12

13        Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Ex Parte Application for

14   Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.  Strike 3 seeks a

15   subpoena to compel non-party Comcast Cable Communications, LLC to identify the unknown

16   individual associated with the IP address 73.92.245.29.  Based on Strike 3's submissions, the

17   Court **GRANTS** leave to serve a subpoena with specific conditions provided below.  Because

18   many courts have raised concerns that Strike 3 could be pursuing potentially innocent ISP account

19   owners who are often embarrassed into early settlements, the identity of the Doe Defendant

20   **SHALL** be protected unless and until further order by the Court.

21   **I.      BACKGROUND**

22        Strike 3 owns the copyrights for several adult motion pictures that are associated with and

23   distributed through various adult websites.  Dkt. No. 1 (Compl.), ¶¶ 1-3.  Using a specialized

24   infringement detection system it developed, Strike 3 discovered the IP address of the Doe Defendant

25   who allegedly infringed upon its copyrights.  *Id*. ¶¶ 27-29.  Specifically, the Complaint alleges that

26   the Defendant used BitTorrent's file network to illegally download and distribute about 25 media

27   files of Strike 3's copyrighted material.  *Id.* ¶¶ 4, 44, 47; *see also id*., Ex. A.

28        On October 3, 2025, Strike 3 filed the Complaint in this case, asserting one claim of  direct

United States District Court
Northern District of California

United States District Court
Northern District of California

1    copyright infringement and seeking an injunction and statutory damages.  Compl. at 55-56.

2    **II.    LEGAL STANDARD**

3        A court may authorize early discovery before the Rule 26(f) conference for the parties' and

4    witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth

5    Circuit generally consider whether a plaintiff has shown "good cause" in support of early discovery.

6    *See, e.g.*, *IO Grp., Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool,*

7    *Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002).  "Good cause may be

8    found where the need for expedited discovery, in consideration of the administration of justice,

9    outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

10        In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe

11    defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe

12    defendant with sufficient specificity that the court can determine that the defendant is a real person

13    who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant;

14    (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery

15    is reasonably likely to lead to identifying information that will permit service of process.  *Columbia*

16    *Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted).  "[W]here

17    the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff

18    should be given an opportunity through discovery to identify the unknown defendants, unless it is

19    clear that discovery would not uncover the identities, or that the complaint would be dismissed on

20    other grounds."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

21    **III.    DISCUSSION**

22        **A.  Strike 3's Litigation History**

23        As some courts in this District have done, before turning to the merits of the application, the

24    Court believes that an overview of Strike 3's litigation history would provide useful context for the

25    Doe Defendant or any other party who may receive this Order.  *See*, e.g., *Strike 3 Holdings, LLC v.*

26    *John Doe Subscriber Assigned IP Address 98.47.46.165*, No. 24-CV-00989-EJD, 2024 WL

27    1354465, at *2 (N.D. Cal. Mar. 29, 2024).  Especially given the informational disparity and matrix

28    of undesirable options facing an ISP subscriber served with such a complaint, this context will

2

1　hopefully reduce the prejudice that individual may face.

2　　　Strike 3 has filed thousands of similar lawsuits and requests to subpoena subscriber

3　information from ISPs, such as Comcast Cable Communications, LLC. *See*, *e.g.*, *Strike 3 Holdings,*

4　*LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at \*2 (N.D. Cal. Sept. 22, 2023) (collecting

5　cases). At least one federal judge has also openly characterized Strike 3 as a "copyright troll" that

6　uses its "swarms of lawyers [to] hound people who allegedly watch their content through

7　BitTorrent." *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161-62 (D.D.C. 2018) (describing

8　the copyright troll's strategy as "file a deluge of complaints; ask the court to compel disclosure of

9　the account holders; settle as many claims as possible; abandon the rest"), *rev'd and remanded*, 964

10　F.3d 1203 (D.C. Cir. 2020).

11　　　In practice, once subscribers are alerted that they are being sued for uploading pornography,

12　they may be pressured to quickly settle the matter to avoid the risk of having their names publicly

13　associated with the lawsuit or the costs of hiring an expensive copyright legal specialist. *See Strike*

14　*3 Holdings, LLC*, 2023 WL 6542326, at \*2; *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162

15　("[O]nce the ISP outs the subscriber, permitting them to be served as the defendant, any future

16　Google search of their name will turn-up associations with the websites *Vixen*, *Blacked*, *Tushy*, and

17　*Blacked Raw*."). As a result, many innocent ISP subscribers would be pressured to settle, even

18　though several courts have observed that "ISP subscribers may not be the individuals who infringed

19　upon Strike 3's copyright." *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-01977-LB, 2023 WL

20　4003723, at \*3 (N.D. Cal. May 9, 2023) (collecting cases); *see also Strike 3 Holdings*, 351 F. Supp.

21　3d at 162 ("[I]nferring the person who pays the cable bill illegally downloaded a specific file is even

22　less trustworthy than inferring they watched a specific TV show."). Moreover, if a defendant moves

23　to confront a "copyright troll" or exhibits any serious resistance, the company can simply drop the

24　case and avoid any unfavorable judicial rulings. *See Strike 3 Holdings*, 351 F. Supp. 3d at 162

25　("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and

26　staying one step ahead of any coordinated defense.").

27　/ / /

28　/ / /

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    **B. Good Cause**

2    Turning to the merits of Strike 3's *ex parte* application, the Court finds that Strike 3 has

3    demonstrated good cause for this early discovery under the four seescandy.com factors. *See*

4    *seescandy.com*, 185 F.R.D. at 578-80.

5    First, the Court finds that Strike 3 has identified the Doe Defendant with sufficient specificity

6    for the Court to determine that the Doe Defendant is a real person who may be sued in federal court.

7    The Complaint alleges that BitTorrent's protocols require the activity of a human user to share

8    movies within the BitTorrent network. Compl. ¶¶ 18-27. Strike 3 also used Maxmind geolocation

9    technology to trace the IP address it procured through its VXN Scan detection software to a

10   geographic location within this district. *Id.* ¶ 9.

11   Second, Strike 3 has recounted the steps it took to locate and identify the Doe Defendant. In

12   addition to the geolocation and infringement detection technology described immediately above,

13   Strike 3 has attempted to associate the IP address with a defendant individual using various web

14   search tools and consultations with computer investigators and cyber security consultants. Dkt. No.

15   7 ("Appl.") at 10.

16   Third, Strike 3 has preliminarily demonstrated that its action can withstand a motion to

17   dismiss. "Plaintiffs must satisfy two requirements to present a prima facie case of direct

18   infringement: (1) they must show ownership of the allegedly infringed material and (2) they must

19   demonstrate that the alleged infringers violate at least one exclusive right granted to copyright

20   holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th

21   Cir. 2007). A copyright holder's rights under Section 106 include the exclusive rights to reproduce,

22   distribute, publicly display, perform, and create derivative works of the copyrighted work. 17

23   U.S.C. § 106. Here, Strike 3 alleges that it owns the copyrights to adult movies that the Doe

24   Defendant downloaded, copied, and distributed without permission. Compl. ¶¶ 29, 44. Accepting

25   these allegations as true, the Court finds that the Complaint may withstand a motion to dismiss.

26   Finally, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to

27   identifying information that will permit service of process on the Doe Defendant. Specifically,

28   Strike 3 seeks the name and address of the Doe Defendant and has represented that the "only entity

4

United States District Court
Northern District of California

1   that can correlate the IP address to its subscriber and identify Defendant as the person assigned the

2   IP address is Defendant' s ISP."  Appl. at 6 (citing *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns,*

3   *Inc.,* 881 F.3d 293,299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's

4   identity.")).

5        In sum, the Court finds that Strike 3 has satisfied all four *seescandy.com* factors and presented

6   good cause for its requested expedited discovery.

7        **C. Protective Order**

8        Even though Strike 3 is entitled to a pre-discovery subpoena, the Court retains authority under

9   Federal Rule of Civil Procedure 26(c) to grant a sua sponte protective order for good cause.  *See*,

10  *e.g.*, *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); Fed. R. Civ. P. 26(c).  In

11  this case, the Court finds that there is good cause to implement limited protective measures to shield

12  a potential innocent and unwitting ISP subscriber from undue prejudice.  Strike 3 does not oppose

13  establishing procedural safeguards to respect privacy interests.  Appl. at 12-13.

14       Consistent with the protective measures undertaken by many other courts in this district, the

15  Court will employ procedures to treat as confidential any personal information regarding the Doe

16  Defendant that Comcast Cable Communications, LLC produces to Strike 3.  The Court will also

17  permit and consider any request by the Doe Defendant to proceed anonymously under a pseudonym.

18  **IV.  CONCLUSION**

19       Based on the foregoing, the Court GRANTS Strike 3s *Ex Parte* Application with respect to

20  Defendant Doe, Subscriber Assigned IP Address 73.92.245.29, as follows:

21     1.  Within 21 days of this Order, Strike 3 **MAY** serve a Rule 45 subpoena on Comcast Cable

22        Communications, LLC ("ISP"), commanding the ISP to provide Strike 3 with the true name

23        and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit

24        A to the Complaint.  Strike 3 **SHALL** attach a copy of this Order to any such subpoena.

25        a.  Strike 3 **MAY** serve a Rule 45 subpoena in the same manner as above on any service

26          provider that is identified in response to a subpoena as a provider of Internet services

27          to the Defendant.

28

United States District Court
Northern District of California

b.  If the ISP qualifies as a "cable operator" per 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to Defendant.

2.  Within thirty (30) days of being served by Strike 3, the ISP **SHALL** serve the Doe Defendant subscriber assigned the IP address 73.92.245.29 with a copy of the subpoena and this Order.

3.  Within thirty (30) days after he or she has been served with the subpoena and this Order, the Doe Defendant **MAY** file a motion to contest the subpoena, including a motion to quash or modify the subpoena.  The Doe Defendant **MAY** appear and proceed before this Court under a pseudonym by requesting that their personal identifying information be filed under seal.

    a.  If the Doe Defendant does not contest the subpoena within thirty days, the ISP may produce the information responsive to Strike 3's subpoena within ten (10) days.

4.  Strike 3 **MAY** only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint.  Strike 3 **MAY NOT** publicly disclose the information obtained from its subpoena without leave of this Court. All references to the Doe Defendant's identity **SHALL** be redacted and filed under seal until further notice.

5.  Comcast Cable Communications, LLC or any other ISP that receives a subpoena pursuant to this Order **SHALL** confer with Strike 3 and **MAY NOT** assess any charge in advance of providing the information requested in the subpoena.  The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for the billing summary and costs claimed by the ISP.  Comcast Cable Communications, LLC or any other ISP that receives a subpoena pursuant to this Order **SHALL** preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED.**

Dated: November 3, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

6